The opinion of the Court was delivered by
Wardlaw, J.
The plaintiffs’ motion on circuit was refused, because it appeared to the Circuit Judge not to be his duty to advise either plaintiff or sheriff. If the defendant was subject to re-arrest, it was thought that no order was necessary either to authorize the plaintiffs to direct the rearrest, or to require the sheriff to obey proper directions.
It is, however, the opinion of this Court, that the necessary inquiry should have been made, and if the case was found a suitable one for re-arrest, that the plaintiffs’ motion for an order commanding the sheriff to make the re-arrest should have been granted.
By the general scheme of the Act of 1788, (5 Stat. 78,) and subsequent Acts concerning insolvent debtors, (1833,6 St. 491 ; 1836,6 St. 556; 1840,11 St. 121; 1841,11 St. 153;) the bond for the prison bounds is considered a substitute for the body of the debtor. Wherever the condition of the bond has been broken, the plaintiff; 'waiving his right to sue on the bond, has a right to require that the debtor’s body should be closely incarcerated, until full satisfaction shall have been made of the action or execution on which he was confined before he gave the bond. The converse is, however, not always true: for there may be under the 7th section of the Act of 1788, cases where the body might be retaken, yet the condition of *81 the bond not be broken; as where the debtor may have gone out of the prison walls after his confinement and before the bond, or may have made a fraudulent conveyance, or an undue preference, contrary to the provisions of the Act, but not such as to constitute a false return. In all cases the bond continues until the debtor has been absolutely discharged, or has been retaken. In some cases, at least, the plaintiff; or even the sheriff without directions from the plaintiff, may certainly retake a debtor not discharged, as in the case of escape, provided for by the 11th section of the Act of 1788. And we n^ean not now to decide that in the case before us, or in any case where there is a present right to retake if the plaintiff should so desire, a judge’s order is necessary; but where such order can be conveniently obtained, it may prevent oppression, mistake, hesitation and loss, and in a proper case should be granted. The Act of 1759, in the sections which contemplate the remanding or recapture of a debtor, require a judge’s order. (Sect. 1, 4 St. 88; sect. 13, lb. 92.) Even under the 10th section of the Act of 1788, which specifies liability to be arrested again, as one of the consequences of a false schedule, which was added to the consequences mentioned in the 15th section of the Act of 1759; because under the latter Act, the prisoner was presumed to be yet in actual custody; some judicial ascertainment of the liability is necessary. Akin v. Moore, 1 Hill, 475. In the case of Hall v. Taggart, Dudley, 370, Judge Evans recognised the propriety of an order given by a commissioner of special bail, for the sheriff to retake a debtor, after his discharge was refused.
In general, the debtor must be present at the rendering of a verdict unfavorable to his application, and if then the plaintiff should signify his desire to have the body recommitted to prison, the judge may make a proper order, with a full understanding of the circumstances. If the debtor should then prevent the plaintiff’s motion, (as it is said he did here by appeal, and as may be done in other cases by various subterfuges), or *82 -if the plaintiff should not then have made up his mind as to the course he would take, the debtor will remain in the bounds at the risk of the sureties to his bond, and upon a future motion, by the plaintiff, the case may not be understood without inquiry. In this case we do not know exactly what was found by the verdict, or what may have occurred since; - and therefore we will give the debtor the chance of being heard.
It is ordered, that the defendant, Thomas Garrett, do show cause at the next Court of Common Pleas to be held for Sumter District, why his body should not be committed to close confinement in the jail of Sumter District, and be held there under the writs of capias ad satisfaciendum, in the cases of the plaintiffs mentioned in the title of this opinion, until the debt, interest, and costs in these cases respectively be paid.
And it is further ordered, that a proper rule according to the preceding order, be signed by the Clerk of Sumter District, and be served on the said Thomas Garrett, at least ten days before the next Court of Common Pleas for Sumter District.
O’Neall, Withees, Whither, Glover and MuNro, JJ; concurred.

Motion granted,